

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

| | | |
|---|---|---|
| Sara F. Merin<br>*Assistant United States Attorney* | *970 Broad Street, 7th floor*<br>*Newark, New Jersey 07102* | *Direct: 973-645-2738*<br>*sara.merin@usdoj.gov* |

March 15, 2022

**VIA ELECTRONIC MAIL**

Jason Orlando, Esq.
Murphy Orlando, LLC
30 Montgomery St.
11th Floor
Jersey City, NJ 07302

     Re:   **Plea Agreement with Jahad Salter**
           Criminal No. 22-268

Dear Mr. Orlando:

     This letter sets forth the plea agreement between your client, JAHAD SALTER, and the United States Attorney for the District of New Jersey ("this Office"). This offer supersedes any previous offers. Should your client wish to accept this agreement, the executed original must be received by this office no later than March 18, 2022. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charges

     Conditioned on the understandings specified below, this Office will accept a guilty plea from JAHAD SALTER to a two-count Information. Count 1 charges JAHAD SALTER with conspiring with Khadijah Banks Oneal, Dashaun Brown, Hakir Brown, Yaseen Salih, Adeeb Salih, and others, to commit bank fraud between on or about August 3, 2020 and on or about July 28, 2021, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. Count 2 charges JAHAD SALTER with, on or about August 9, 2021, unlawfully possessing a firearm, namely, a loaded Smith and Wesson Body Guard .380 semi-automatic handgun, and 10 rounds of .380 ammunition, knowing that he had previously been convicted of second degree unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5(b), which is a crime punishable by imprisonment for a term exceeding one year. If JAHAD SALTER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against JAHAD SALTER for (1) obtaining, using, or selling stolen United States mail that contained credit cards, gift cards, checks (including United States Treasury Checks), and debit cards and (2) possessing an operable firearm after

having been convicted of a felony offense. In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, JAHAD SALTER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by JAHAD SALTER may be commenced against him, notwithstanding the expiration of the limitations period after JAHAD SALTER signs the agreement.

Sentencing

As to Count 1, the violation of 18 U.S.C. § 1349 to which JAHAD SALTER agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine of $1,000,000. As to Count 2, pursuant to 18 U.S.C. § 924(a)(2), the violation of 18 U.S.C. § 922(g) to which JAHAD SALTER agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine of (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon JAHAD SALTER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence JAHAD SALTER ultimately will receive.

Further, in addition to imposing any other penalty on JAHAD SALTER, the sentencing judge: (1) will order JAHAD SALTER to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) as to Count 1, must order JAHAD SALTER to pay restitution pursuant to 18 U.S.C. §§ 3663A and 3664, and as to Count 2, may order JAHAD SALTER to pay restitution pursuant to 18 U.S.C. §§ 3663 and 3664; (3) as to Count 1, must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(2) and, as to Count 2, must order criminal forfeiture pursuant to pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and (4) may order JAHAD SALTER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses.

Pursuant to 18 U.S.C. § 3583, the sentencing judge must require JAHAD SALTER to serve terms of supervised release of, as to Count 1, not more than 5 years, and, as to Count 2, not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should JAHAD SALTER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, JAHAD SALTER may be sentenced to, as to Count 1, not more than 3 years' imprisonment; and, as to Count 2, not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663A, JAHAD SALTER agrees to make full restitution in the amount of at least $393,350.85 for all losses resulting from the offense of conviction or the scheme, conspiracy, or pattern of criminal activity underlying the offense. The calculation of the losses resulting from the offense of conviction is ongoing and subject to change at sentencing; however, the parties agree that the loss amount is at least $393,350.85, as specified in Schedule B.

JAHAD SALTER fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implantation of a fine, is due and payable immediately upon judgment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on JAHAD SALTER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of JAHAD SALTER's activities and relevant conduct with respect to this case.

Stipulations

This Office and JAHAD SALTER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the

extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or JAHAD SALTER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with the stipulations in the Attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or JAHAD SALTER from any portion of this agreement, including any other stipulation.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and JAHAD SALTER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Forfeiture</u>

*Count 1*

As part of his acceptance of responsibility as to Count 1, JAHAD SALTER agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), all property, real or personal, constituting, or derived from, proceeds JAHAD SALTER obtained directly or indirectly as a result of the offense charged in Count 1 of the Information. JAHAD SALTER further agrees that the aggregate value of such property was $124,076.03; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained

by JAHAD SALTER (the "Forfeiture Amount"), in an amount not to exceed $124,076.03 (the "Money Judgment").

JAHAD SALTER consents to the entry of an order requiring JAHAD SALTER to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to JAHAD SALTER prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. JAHAD SALTER further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating JAHAD SALTER's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

JAHAD SALTER further agrees to forfeit all of his right, title, and interest in the $4,340 in United States currency that was seized from JAHAD SALTER on or about August 9, 2021, which JAHAD SALTER admits has the requisite nexus to the offense charged in Count 1 of the Information and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 2461(c) (collectively, the "Specific Property"). Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof.

JAHAD SALTER further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). JAHAD SALTER agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving any forfeited property and will not cause or assist anyone else in doing so. To the extent JAHAD SALTER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving forfeited property, such claims or petitions are hereby deemed withdrawn. JAHAD SALTER further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

JAHAD SALTER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  JAHAD SALTER understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  JAHAD SALTER waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of JAHAD SALTER'S assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

JAHAD SALTER further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If JAHAD SALTER fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that JAHAD SALTER has intentionally failed to disclose assets on his Financial Disclosure Statement, JAHAD SALTER agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

*Count 2*

As part of his acceptance of responsibility as to Count 2, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), JAHAD SALTER agrees to forfeit to the United States all of his right, title, and interest, if any, in the following items seized on or about August 9, 2021:

(a)   Smith and Wesson Body Guard .380 semi-automatic handgun, Serial Number KCZ1836;

(b)   380 ammunition magazine; and

(c)   10 rounds of .380 ammunition

(collectively, the "Specific Firearms Property").

JAHAD SALTER acknowledges that the Specific Firearms Property is subject to forfeiture as firearms or ammunition involved in or used in the

knowing violation of 18 U.S.C. § 922(g) charged in Count 3 of the Information, to which JAHAD SALTER is pleading guilty.

JAHAD SALTER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, JAHAD SALTER consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to JAHAD SALTER prior to JAHAD SALTER'S sentencing.  JAHAD SALTER understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of JAHAD SALTER'S assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.  JAHAD SALTER waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

JAHAD SALTER also consents to the administrative and/or civil judicial forfeiture of the Specific Firearms Property pursuant to 18 U.S.C. § 984. JAHAD SALTER agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Firearms Property and will not cause or assist anyone else in doing so.  To the extent JAHAD SALTER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn.  JAHAD SALTER further agrees to take all necessary steps to pass clear title to the Specific Firearms Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

JAHAD SALTER further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Specific Firearms Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

*Further Abandonment and Waiver*

JAHAD SALTER further agrees to waive, abandon, and surrender to federal, state, and/or local law enforcement all of his right, title, and interest in the following, which were seized incident to JAHAD SALTER's arrest on or about August 9, 2021:

(a) Blue-colored HP Laptop, Model 14-fq0037nr, bearing serial number 5CD120Q96Z;

(b) Apple iPhone 11 Pro, bearing serial number DNPZ9DVGN6XW;

(c) Apple iPhone 11 Pro Max, bearing serial number FK1Z9DX9N70G; and

(d) Samsung Galaxy Note 9, Model SM-N960U, bearing serial number RF8K80LH87L

(collectively, the "Seized Property"). JAHAD SALTER agrees that he will not challenge in any way this waiver, abandonment, and surrender of the Seized Property, including any and all procedural challenges such as the right to any further notice; and agrees and consents to the lawful disposition, including destruction, of the Seized Property by federal, state, and/or local law enforcement.

Immigration Consequences

JAHAD SALTER understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. JAHAD SALTER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. JAHAD SALTER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. JAHAD SALTER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, JAHAD SALTER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequence and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against JAHAD SALTER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against JAHAD SALTER.

No provision of this agreement shall preclude JAHAD SALTER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that JAHAD SALTER received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between JAHAD SALTER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> VIKAS KHANNA
> Attorney for the United States
> Acting under Authority Conferred
> by 28 U.S.C. § 515
>
> By: SARA F. MERIN
> Assistant U.S. Attorney

APPROVED:

s/ Ronnell L. Wilson
RONNELL L. WILSON
Chief, Special Prosecutions Division

9

I have received this letter from my attorney, Jason Orlando, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 3/17/22
JAHAD SALTER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 3/17/2022
JASON ORLANDO, ESQ.
Attorney for JAHAD SALTER

10

## Plea Agreement with JAHAD SALTER

## Schedule A

1. This Office and JAHAD SALTER recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and JAHAD SALTER nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

## Count 1
## Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349

3. The applicable guideline is U.S.S.G. § 2X1.1, thus, the applicable base offense level is the guideline for the substantive offense, plus any adjustment from such guideline for any intended offense conduct that can be established with reasonable certainty. U.S.S.G. § 2X1.1(a). No reductions under U.S.S.G. § 2X1.1 regarding conspiracies apply, because JAHAD SALTER and co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense. *See* U.S.S.G. § 2X1.1(b)(2).

4. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a base offense level of 7. *See* U.S.S.G. § 2B1.1(a)(1).

5. The offense of conviction involved a loss amount of more than $550,000 but less than $1,500,000, resulting in an increase to the offense level of 14 levels. U.S.S.G. § 2B1.1(b)(1)(H).

6. The offense involved 10 or more victims, resulting in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A).

7. The offense involved the trafficking of unauthorized access devices and the possession and use of authentication features, resulting in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(11)(B)(i).

8. JAHAD SALTER was an organizer, leader, manager, or supervisor of the criminal activity charged in Count 1, resulting in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

### Count 2
### Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)

9.  The applicable guideline is U.S.S.G. § 2K2.1. The base offense level is 14, because JAHAD SALTER was a prohibited person at the time he committed the offense. U.S.S.G. § 2K2.1(a)(6); *see* Application Note 3 to U.S.S.G. § 2K2.1 (defining "prohibited person" as "any person described in 18 U.S.C. § 922(g) . . . .").

### Multiple Count Analysis for Counts 1 and 2

10. The parties agree that Count 1 (which is assigned Guidelines Offense Level 27) does not group together with Count 2 (which is assigned Guidelines Offense Level 14) for the purpose of determining a single offense level, and thus result in two separate Groups, pursuant to U.S.S.G. § 3D1.1.

11. Pursuant to U.S.S.G. § 3D1.4(a), the Group consisting of Count 1 is the Group with the highest offense level because it has an adjusted base offense level of 27. Accordingly, the Group consisting of Count 1 counts as one Unit.

12. Pursuant to U.S.S.G. § 3D1.4(c), the Group consisting of Count 2 is disregarded because it is 9 or more levels less serious than the Group with the highest offense level (the Group consisting of Count 1) but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level.

13. Pursuant to U.S.S.G. § 3D1.4, one Unit does not result in an increase in the offense level applicable to the Group with the highest offense level, which in this instance is the Group consisting of Count 1. Accordingly, the combined offense level for Count 1 and Count 2 is 27.

### Acceptance of Responsibility

14. As of the date of this letter, JAHAD SALTER has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if JAHAD SALTER's acceptance of responsibility continued through the date of sentencing. See U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, JAHAD SALTER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a

further 1-point reduction in JAHAD SALTER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) JAHAD SALTER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that JAHAD SALTER's acceptance of responsibility has continued through the date of sentencing and JAHAD SALTER qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) JAHAD SALTER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to JAHAD SALTER is 24 (the "agreed total Guidelines offense level").

17.     Pursuant to Title 18, United States Code, Section 3553(a), JAHAD SALTER reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

18.     JAHAD SALTER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph or any other provision of this plea agreement, and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

     (a)     Any proceeding to revoke the term of supervised release.

    (b)    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

**Plea Agreement with JAHAD SALTER**

**Schedule B**

This Office and JAHAD SALTER agree to stipulate that the victims sustained losses in the amounts listed below as a result of JAHAD SALTER's criminal conduct in the course of the conspiracy charged in the Information as follows:

| Victim | Amount |
| --- | --- |
| American Express | $2,953.59 |
| Capital One Bank | $36,360.09 |
| Citibank | $15,195.00 |
| Department Stores National Bank | $5,084.98 |
| J.P. Morgan Chase Bank | $16,616.89 |
| PNC Bank | $156,597.32 |
| Synchrony Bank | $154,146.88 |
| United States Treasury | $6,396.10 |

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with the stipulations in this paragraph, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or JAHAD SALTER from any portion of this agreement, including any other stipulation.